# Morrow, Appellant, *v.* Morrow.

*Partition—Service of notice of inquisition—Practice, C. P.*

Under the act of April 11, 1835, P. L. 200, relating to the manner of serving notice of inquisition in partition proceedings, service upon one of the co-tenants as member of a partnership composed of some, but not all of the co-tenants, is insufficient to bind the partners not personally served The act requires personal service upon all the resident co-tenants.

Submitted Nov. 1, 1892. Appeal, No. 198, Oct. T., 1892,. by plaintiffs, John Morrow et al., from order of C. P. No. 3, Allegheny Co., May T., 1892, No. 80, setting aside proceedings. in partition. Before PAXSON, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Partition.

The præcipe for writ of partition was as follows :

" Issue summons against the defendants to answer the plaintiff of a plea wherefor whereas the said John Morrow, Alexander Morrow and Margaret C. Morrow, his wife, James L. Morrow, Sarepta R. Morrow, Eleanor A. Morrow and William A. Morrow, minors over the age of fourteen, Hugh B. Morrow and John R. Morrow, minors under the age of fourteen, John Morrow guardian of Eleanor A. Morrow, William A. Morrow, Hugh B. Morrow and John R. Morrow, hold together and undivided a certain messuage and tract of land ; The Oakdale Gas Company, Michael Murphy (president) ; J. M. Guffey

(director); W. C. McFarland, Alexander McFarland (director); Robert McFarland, J. A. Tomlinson, Robert Roy, W. L. Curtis, J. C. Fisher (director); and the Fisher Oil Company, doing business as The Oakdale Oil Company, hold leases of the oil and gas interest of said land of R. M. Morrow, (deceased,) of whom the above named Sarepta Morrow, widow, and Eleanor A. Morrow, William A. Morrow, Hugh B. Morrow, and John R. Morrow are the heirs at law, John Morrow and Alexander Morrow, said leases being for three-fourths of the oil and gas interests in said messuage and tract of land, to-wit :— . . . . containing one hundred acres, and known as the 'Brick Barn' farm; of which the said defendants deny partition to be made."

The return of notice of inquisition was as follows:

"Served April 11th, 1892, by delivering true and attested copies of the within notice to J. M. Guffey and J. C. Fisher, directors of The Oakdale Oil Company. And April 13, 1892, by leaving like copy at the residence of Alexander McFarland, director of The Oakdale Oil Company, with an adult member of his family. And same day by delivering a like copy to C. M. Staiger, superintendent of the Oakdale Gas Company. And April 11, 1892, service accepted by John Morrow, Alexander Morrow, Margaret C. Morrow, Sarepta R. Morrow, Eleanor A. Morrow, William A. Morrow and John Morrow, guardian, as per endorsements."

J. M. Guffey et al., filed, inter alia, the following exception to the inquest:

" 1. Because no service of the original writ in this case was made upon Michael Murphy, W. C. McFarland, Robert McFarland, Robert Roy, W. L. Curtis, J. A. Tomlinson and Fisher Oil Company, all of whom are tenants in common of the oil rights under said farm."

The court made the following order:

" And now, July 18th, 1892, it appearing from the record that the requirements of the statute as to notice of the inquisition have not been complied with, the sheriff's inquisition and return thereof are set aside."

Plaintiffs thereupon took this appeal.

*Error assigned* was above order, quoting it.

*Thomas M. Marshall* and *Richard B. Scandrett*, for appellants.—The Oakdale Oil Co., being a partnership composed of some of the tenants in common, notice to one partner was notice to the firm : McClurkan v. Byers, 74 Pa. 405; Stockdale v. Keyes Bros., 79 Pa. 257 ; Devall v. Burbridge, 6 W. & S. 529 ; Bates, Partnership, 1086 ; Lindley, Partnership, 272.

*Willis F. McCook*, for appellee, cited act of April 11, 1835, P. L. 200.

Per Curiam, January 3, 1893 :

The court below set aside the sheriff's inquisition and return thereof, because it appeared from the record that the requirements of the statute as to notice of the inquisition had not been complied with.    That this ruling is correct is too plain for argument.

Judgment affirmed.